# UNITED STATES DISTRICT COURT
## Eastern District of California

| UNITED STATES OF AMERICA | AMENDED JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | Case Number: **2:15CR00115-04** |
| **TOU HER** | Defendant's Attorney: Erin Radekin, Appointed |

Date of Original Judgment:  **October 13, 2016**
(Or Date of Last Amended Judgment)

**Reason for Amendment:**

[ ] Correction of Sentence on Remand ( 18 U.S.C. 3742(f)(1) and (2))
[ ] Reduction of Sentence for Changed Circumstances (Fed R. Crim. P. 35(b))
[ ] Correction of Sentence by Sentencing Court (Fed R. Crim. P. 35(a))
[✓] Correction of Sentence for Clerical Mistake (Fed R. Crim. P. 36)

[ ] Modification of Supervision Conditions (18 U.S.C. § 3563(c) or 3583(e))
[ ] Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
[ ] Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
[ ] Direct Motion to District Court Pursuant to [ ] 28 U.S.C. §2255, [ ] 18 U.S.C. §3559(c)(7), [ ] Modification of Restitution Order

**THE DEFENDANT:**
[✓] pleaded guilty to count  **1**  of the Indictment.
[ ] pleaded nolo contendere to count(s) ___ which was accepted by the court.
[ ] was found guilty on count(s) ___ after a plea of not guilty.

**ACCORDINGLY**, the court has adjudicated that the defendant is guilty of the following offense (s):

| Title & Section | Nature Of Offense | Date Offense Concluded | Count Number |
|---|---|---|---|
| 18 U.S.C. § 1029(b)(2) | Conspiracy to Commit Access Device Fraud (Class D Felony) | April 2015 | 1 |

The defendant is sentenced as provided in pages 2 through  **5**  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on count(s) ___ and is discharged as to such count(s).
[✓] Counts  **2 - 5**  are dismissed on the motion of the United States.
[ ] Indictment is to be dismissed by District Court on motion of the United States.
[✓] Appeal rights given.        [ ] Appeal rights waived.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution or fine, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

10/23/2017
Date of Imposition of Judgment

*/s/ Troy L. Nunley*
Signature of Judicial Officer
**Troy L. Nunley**, United States District Judge
Name & Title of Judicial Officer
10/23/2017
Date

# PROBATION

The defendant is hereby sentenced to probation for a term of:
54 months.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of controlled substance. The defendant shall submit to one drug test within 15 days of release on probation and at least two (2) periodic drug tests thereafter, not to exceed four (4) drug tests per month.

[ ]   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

[✓]   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

[✓]   The defendant shall cooperate in the collection of DNA as directed by the probation officer.

[ ]   The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.), as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of qualifying offense.

[ ]   The defendant shall participate in an approved program for domestic violence.

If this judgment imposes a fine or a restitution obligation, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without permission of the court or probation officer;
2. the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3. the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4. the defendant shall support his or her dependents and meet other family responsibilities;
5. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6. the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7. the defendant shall refrain from excessive use of alcohol;
8. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer
10. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere, and shall permit confiscation of any contraband observed in plain view by the probation officer;
11. the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

# SPECIAL CONDITIONS OF PROBATION

1. The defendant shall submit to the search of his person, property, home, and vehicle by a United States probation officer, or any other authorized person under the immediate and personal supervision of the probation officer, based upon reasonable suspicion, without a search warrant. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

2. The defendant shall apply all monies received from income tax refunds, lottery winnings, inheritance, judgments and any anticipated or unexpected financial gains to any unpaid restitution ordered by this Judgment.

3. The defendant shall provide the probation officer with access to any requested financial information.

4. The defendant shall not open additional lines of credit without the approval of the probation officer.

5. As directed by the probation officer, the defendant shall participate in an outpatient correctional treatment program to obtain assistance for drug or alcohol abuse.

6. As directed by the probation officer, the defendant shall participate in a program of testing (i.e. breath, urine, sweat patch, etc.) to determine if he has reverted to the use of drugs or alcohol.

7. The defendant shall be monitored for a period of 18 months, with location monitoring technology, which may include the use of radio frequency (RF) or Global Positioning System (GPS) devices, at the discretion of the probation officer. The defendant shall abide by all technology requirements and shall pay the costs of location monitoring based upon their ability to pay as directed by the probation officer. In addition to other court-imposed conditions of release, the defendant's movement in the community shall be restricted as follows:

    a. The defendant shall be restricted to his residence at all times except for medication necessities and court appearances or other activities specifically approved by the court.

8. Pursuant to 18 USC 3583(d)(3), upon completion of the term of imprisonment, the defendant is to be surrendered to a duly authorized Immigration official for deportation proceedings in accordance with the established procedures provided by the Immigration and Nationality Act. If ordered deported, the defendant, during the term of supervised release, shall remain outside the United States and shall not re-enter the United States without the consent of the Secretary of the Department of Homeland Security of the United States.

    Upon any re-entry, lawful or unlawful, into the United States, the defendant shall report in person to the United States Probation Office in the Eastern District of California within 72 hours.

9. As directed by the probation officer, the defendant shall participate in a co-payment plan for treatment or testing and shall make payment directly to the vendor under contract with the United States Probation Office of up to $25 per month.

10. The defendant shall consent to the probation officer and/or probation service representative conducting periodic unannounced examinations of (a) any computer, or (b) computer-related device, or (c) equipment that has an internal or external modem which is in the possession or control of the defendant. The defendant consents to retrieval and copying of all data from any such computer, computer-related device, or equipment as well as any internal or external peripherals to ensure compliance with conditions. The defendant consents to removal of such computer, computer-related device, and equipment for purposes of conducting a more thorough inspection and analysis.

    The defendant consents to having installed on any computer, computer-related device, and equipment, at the defendant's expense, any hardware or software systems to monitor the use of such computer, computer-related device, and equipment at the direction of the probation officer, and agrees not to tamper with such hardware or software and not install or use any software programs designated to hide, alter, or delete his computer activities. The defendant consents to not installing new hardware without the prior approval of the probation officer.

11. The defendant shall participate in a cognitive behavioral treatment program as directed by the probation officer.

12. Probation to assess the defendant's need at this time for Drug Treatment, as he completed the Effort and MRT while on Pretrial Supervision.

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

|        | Assessment | Fine    | Restitution  |
|--------|-----------|---------|--------------|
| TOTALS | $100.00   | $Waived | $200,929.24  |

[ ] The determination of restitution is deferred until ___. An Amended Judgment in a Criminal Case (AO 245C) will be entered after such determination.

[✓] The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment colunm below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee       | Total Loss*  | Restitution Ordered | Priority or Percentage |
|---------------------|--------------|---------------------|------------------------|
| SEE ATTACHED LISTS  | $200,929.24  | $200,929.24         |                        |
| **Totals**          | **$200,929.24** | **$200,929.24**  |                        |

[ ] Restitution amount ordered pursuant to plea agreement $ ___

[ ] The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

[✓] The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  [✓] The interest requirement is waived for the    [ ] fine    [✓] restitution

  [ ] The interest requirement for the    [ ] fine    [ ] restitution is modified as follows:

[ ] If incarcerated, payment of the fine is due during imprisonment at the rate of not less than $25 per quarter and payment shall be through the Bureau of Prisons Inmate Financial Responsibility Program.

[ ] If incarcerated, payment of the restitution is due during imprisonment at the rate of not less than $25 per quarter and payment shall be through the Bureau of Prisons Inmate Financial Responsibility Program.

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

# SCHEDULE OF PAYMENTS

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A. [ ] Lump sum payment of $ ___ due immediately, balance due

- [ ] Not later than ___, or
- [ ] in accordance [ ] C, [ ] D, [ ] E, or [ ] F below; or

B. [✓] Payment to begin immediately (may be combined with [ ] C, [ ] D, or [ ] F below); or

C. [ ] Payment in equal ___ (e.g. weekly, monthly, quarterly) installments of $ ___ over a period of ___ (e.g. months or years), to commence ___ (e.g. 30 or 60 days) after the date of this judgment; or

D. [ ] Payment in equal ___ (e.g. weekly, monthly, quarterly) installments of $ ___ over a period of ___ (e.g. months or years), to commence ___ (e.g. 30 or 60 days) after release from imprisonment to a term of supervision; or

E. [ ] Payment during the term of supervised release/probation will commence within ___ (e.g. 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendants ability to pay at that time; or

F. [ ] Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[✓] Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate: Defendant shall pay restitution jointly and severally with co-defendants Steven Khamkeuanekeo in Docket No. 2:12CR00115-01, Kay Lee in Docket No. 2:12CR00115-02, Chee Yang in Docket No. 2:12CR00115-03, Lee Yang in Docket No. 2:12CR00115-06, Frank Her in Docket No. 2:12CR00115-05, and Amy Her in Docket No. 2:12CR00115-07.

[ ] The defendant shall pay the cost of prosecution.

[ ] The defendant shall pay the following court cost(s):

[ ] The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

# ATTACHMENT A-1

| RESTITUTION SHALL BE PAID TO: | ADDRESS | RESTITUTION AMOUNT |
|---|---|---|
| Custer, Karen | | $700.00 |
| Dillon, Lisa | | $723.69 |
| Jimenez, Frances | | $344.52 |
| Robbins, Angela | | $3,950 |
| Relles, Ross | | $2,000.00 |
| Qin, Xiaoli | | $46.09 |
| Swafford, Tom | | $586.34 |
| Wammack, Jake | | $1,000.00 |
| Scott, Susan | | $200.00 |
| Hargroves, Eva | | $1,782.37 |
| Chao, Kevin | | $4,996.10 |
| Pham, Rossy | | $12,092.00 |
| Hong, Hillary | | $10,006 |
| Target AP Recovery | 2200 Northern Blvd Ste 104, Greenvale, NY 11548 | $20,302.13 |
| Les Schwab | 8301 Elk Grove Florin Rd, Sacramento, CA | $1,302.57 |
| A Touch of Understanding | 5280 Stirling St, Granite Bay, CA | $1,781.86 |
| Bank of America | Restitution Unit/MO1-800-06-15, PO Box 790087, St. Louis, MO 63179-0087 | $3,613.42 |
| Chase | PO Box 17055, Wilmington, DE 19886-7055 | $9,064.98 |
| Bahouth, Mark | | $250 |
| Byrnes, Marissa | | $30 |
| Curatolo, James | | $200 |
| Dean, Iqbal | | $1,101.92 |
| Freiheit, Derek | | $450.00 |
| Friedman Law Firm | 1383 Garden Hwy, Suite 200, Sacramento, CA 95833 | $3,500.00 |
| Hansen, Elizabeth | | $3,865.00 |
| Jaramillo, Bruce | | $500.00 |
| Kaur, Damanpreet | | $290.00 |
| Wade, James | | $3,000.00 |
| Zwanzinger, Joseph | | $100.00 |
| Williams, Jenica | | $10.00 |
| Sorie, Kaday | | $500.00 |
| Olbedring, Jeff | | $4,320.00 |

| | |
|---|---:|
| Hintz, Kathryn | $4,000.00 |
| Morcaldi, Julie | $1,450.00 |
| **TOTAL:** | **$98,058.99** |

# ATTACHMENT A-2

| RESTITUTION SHALL BE PAID TO: | ADDRESS | RESTITUTION AMOUNT |
|---|---|---:|
| Wells Fargo Bank NA | External Fraud Investigations, PO Box 912038, Denver, CO 80291-2038 | $1,500.00 |
| Schools Financial Credit Union | 8848 Calvine Rd Ste 110, Sacramento, CA 95828 | $7,701.01 |
| American Express | Box 0001, Los Angeles, CA 90096-8000 | $1,351.55 |
| Bank of America | Restitution Unit/MO1-800-06-15, PO Box 790087, St. Louis, MO 63179-0087 | $1,500.00 |
| Wells Fargo Bank NA | External Fraud Investigations, PO Box 912038, Denver, CO 80291-2038 | $1,704.85 |
| Kohls Credit | PO Box 3120, Milwaukee, WI 53201-3120 | $1,338.72 |
| Wells Fargo Bank NA | External Fraud Investigations, PO Box 912038, Denver, CO 80291-2038 | $5,875.99 |
| First Northern Bank | 1455 Oliver Road, Fairfield, CA 94534 | $1,678.27 |
| Golden One Credit Union | 8945 Cal Center Dr, Sacramento, CA 95826 | $387.31 |
| Kohls Credit | PO Box 3120, Milwaukee, WI 53201-3120 | $1,057.75 |
| Citibank | 14700 Citicorp Dr, bldg 2 floor 1 , Hagerstown, MD 21742 | $100.00 |
| Bank of America | Restitution Unit/MO1-800-06-15, PO Box 790087, St. Louis, MO 63179-0087 | $5,608.45 |
| Bank of America | Restitution Unit/MO1-800-06-15, PO Box 790087, St. Louis, MO 63179-0087 | $300 |
| Synchrony Bank | Attn: Fraud, PO Box 8726, Dayton, OH 45482-0278 | $620.12 |
| Wells Fargo Bank NA | External Fraud Investigations, PO Box 912038, Denver, CO 80291-2038 | $622.33 |
| Wells Fargo Bank NA | External Fraud Investigations, PO Box 912038, Denver, CO 80291-2038 | $1,138.57 |
| Citibank | 14700 Citicorp Dr, bldg 2 floor 1 , Hagerstown, MD 21742 | $6,200 |
| Wells Fargo Bank NA | External Fraud Investigations, PO Box 912038, Denver, CO 80291-2038 | $1,255.06 |
| Kohls Credit | PO Box 3120, Milwaukee, WI 53201-3120 | $499.40 |
| El Dorado Savings Bank | 4040 El Dorado Road, Placerville, CA 95667 | $497.20 |
| Bank of America | Restitution Unit/MO1-800-06-15, PO Box 790087, St. Louis, MO 63179-0087 | $1,650.00 |
| Wells Fargo Bank NA | External Fraud Investigations, PO Box 912038, Denver, CO 80291-2038 | $11,100.46 |
| Wells Fargo Bank NA | External Fraud Investigations, PO Box 912038, Denver, CO 80291-2038 | $1,675.00 |
| Community First Bank | 11950 Kemper Road, Auburn, CA 95603 | $430.23 |
| Bank of America | Restitution Unit/MO1-800-06-15, PO Box 790087, St. Louis, MO 63179-0087 | $4,186.00 |
| Bank of America | Restitution Unit/MO1-800-06-15, PO Box 790087, St. Louis, MO 63179-0087 | $1,510.00 |
| PayPal | PO Box 5018, Timonlum, MD 21094 | $700 |
| Kohls Credit | PO Box 3120, Milwaukee, WI 53201-3120 | $3,000 |
| Chase | PO Box 17055, Wilmington, DE 19886-7055 | $4,100 |
| Victoria Secret | PO Box 659728, San Antonio, TX 78265 | $600 |
| Bank of America | Restitution Unit/MO1-800-06-15, PO Box 790087, St. Louis, MO 63179-0087 | $3,897.87 |
| Synchrony Bank | Attn: Fraud, PO Box 8726, Dayton, OH 45482-0278 | $1,028.63 |

| Creditor | Address | Amount |
|---|---|---|
| United Healthcare | PO Box 740800, Atlanta, GA 30374 | $53.23 |
| Blue Cross Blue Shield | PO Box 241012, Lodi, CA 95241 | $268.61 |
| GE CRB | PO Box 530949, Atlanta, GA, 30353 | $1,047.85 |
| Kroger | PO Box 30650, Salt Lake City, UT 84130 | $316.65 |
| Certegy Check Services | PO Box 30272, Tampa, FL 33630 | $125.00 |
| Kohls Credit | PO Box 3120, Milwaukee, WI 53201-3120 | $543.85 |
| Merchants Credit Assoc | PO Box 7416, Bellevue, WA 98008 | $75.31 |
| US Bank Restitution & Recovery | PO Box 650, Milwaukee, WI 53278 | $1,050.00 |
| Global Payments Check Services | PO Box 661038, Chicago, IL 60666-1038 | $2,035.00 |
| Target AP Recovery | 2200 Northern Blvd Ste 104, Greenvale, NY 11548 | $93.93 |
| US Bank Restitution & Recovery | PO Box 650, Milwaukee, WI 53278 | $262 |
| US Bank Restitution & Recovery | PO Box 650, Milwaukee, WI 53278 | $1,903.25 |
| Capital One Bank (USA), N.A. | PO Box 85582, Richmond, VA 23260 | $1,812.02 |
| Golden One Credit Union | 8945 Cal Center Dr, Sacramento, CA 95826 | $91.33 |
| American Express -- Costco Card Progra | PO Box 5190, Pasadena, CA 91117 | $842.37 |
| American Express | PO Box 5190, Pasadena, CA 91117 | $2,062.98 |
| Discover Financial Services | Attn: Restitution, 6500 New Albany Road E, New Albany, OH 43054 | $8,433.80 |
| Citibank | 14700 Citicorp Dr, bldg 2 floor 1 , Hagerstown, MD 21742 | $90.04 |
| TJ Maxx c/o GE CRB | PO Box 530949, Atlanta, GA, 30353 | $582.69 |
| Wells Fargo Bank NA | External Fraud Investigations, PO Box 912038, Denver, CO 80291-2038 | $1,974.61 |
| Synchrony Bank | Attn: Fraud, PO Box 8726, Dayton, OH 45482-0278 | $104.95 |
| Chase -- Amazon | PO Box 17055, Wilmington, DE 19886-7055 | $847.41 |
| Chase Freedom | PO Box 17055, Wilmington, DE 19886-7055 | $1,127.20 |
| Beck's Furniture | 11840 Folsom Blvd, Rancho Cordova, CA 95742 | $2,311.40 |

TOTAL: $102,870.25

GRAND TOTAL For A-1 and A-2: $200,929.24